UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| METROPCS NEW YORK, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>35-46 BROADWAY, INC., a New York corporation; and ABDALLAH NOFAL, DAWOD NOFAL and SAED NOFAL, individuals,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

Plaintiff MetroPCS New York, LLC ("MetroPCS") brings this action against Defendants 35-46 Broadway, Inc. ("35-46 Broadway"), Abdallah Nofal, Dawod Nofal and Saed Nofal, for injunctive relief and states as follows:

## I.     INTRODUCTION

1.     This is an action for a permanent injunction to prevent Defendants 35-46 Broadway and Abdallah Nofal, Dawod Nofal and Saed Nofal; 35-46 Broadway's owners, shareholders, members, officers, partners, and directors ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"); 35-46 Broadway's principals, officers, directors, employees, agents, and any successor entity; and all persons acting in concert with or in active participation with them, from violating non-competition and non-solicitation obligations to MetroPCS. Until early June 2017, 35-46 Broadway was a MetroPCS subdealer, operating through MetroPCS' Master Dealer, Licensed Products LLC ("Licensed Products").

COMPLAINT FOR INJUNCTIVE RELIEF - 1

35-46 Broadway and Licensed Products entered into an Exclusive Subdealer's Agreement ("Subdealer Agreement") that required 35-46 Broadway (and Affiliated Persons and Affiliated Entities) to comply with the requirements of Licensed Products' Exclusive Indirect Dealer Agreement with MetroPCS dated February 10, 2014 ("Dealer Agreement").  Thus, the Subdealer Agreement provided that the subdealer "shall comply with all terms and conditions of the Dealer Agreement, including but not limited to the covenant not to compete (Section 16.7)." Subdealer Agreement, ¶ 1. The Subdealer Agreement further provided that MetroPCS was "a third-party beneficiary" of the Subdealer Agreement, and that it "may take any equitable or legal action required to enforce its provisions and the terms and conditions of the Dealer Agreement." *Id*., ¶ 5.

2.      The Dealer Agreement, in turn, provided that the dealer would not sell wireless services in competition with MetroPCS or solicit, divert, or attempt to divert MetroPCS's customers for a period of six months following termination of its agreement, within two miles of any of the storefronts in which it had operated as a MetroPCS dealer.  Although most claims arising under the Dealer Agreement are subject to arbitration, pursuant to Paragraph 21.5 of the Dealer Agreement, the parties agreed that "MetroPCS will have the right, in a court of law or equity, to . . . apply for injunctive relief against any act which would violate any of its provisions."

## II.     PARTIES

3.      Plaintiff MetroPCS is a Delaware limited liability company with its principal place of business in Bellevue, Washington.

4.      Defendant 35-46 Broadway is a New York corporation, formed in or about December 2014, with its principal place of business in New York, NY.  The New York Department of State Division of Corporations web site shows the company's current status as "active."

5.      Defendants Abdallah Nofal, Dawod Nofal and Saed Nofal are citizens of New York and are or were Affliliated Persons as to 35-46 Broadway; Abdallah Nofal, Dawod Nofal

COMPLAINT FOR INJUNCTIVE RELIEF - 2

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

and Saed Nofal benefitted from the Subdealer Agreement and from 35-46 Broadway's relationship with MetroPCS. Abdallah Nofal signed the Subdealer Agreement on behalf of 35-46 Broadway, and his title on that document is listed as "Owner."

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction also exists under the Court's general equity powers.

7. Venue is proper in this Court pursuant to Paragraph 21.5 of the Dealer Agreement (which provides that any action relating specifically to an injunction may be brought in any court of law or equity) and Paragraph 21.1 of the Dealer Agreement (which provides that exclusive venue shall be in King County, Washington). Defendants are further subject to the venue and forum selection clauses in the Dealer Agreement, as agreed in the Subdealer Agreement, because their relationship with MetroPCS and the conduct that gives rise to these claims is part of the larger contractual relationship between MetroPCS and 35-46 Broadway's Master Dealer, Licensed Products. *Holland Am. Line, Inc. v. Wartsila N. Am.*, 485 F.3d 450 (9th Cir. 2007).

### IV. GENERAL ALLEGATIONS

8. MetroPCS is a wireless telephone carrier with a national network and brand. It sells wireless personal communications services to its customers, including wireless voice communications, wireless internet services, ringtones, SMS texting, instant messaging, and other wireless phone and data services.

9. Unlike many other wireless carriers, MetroPCS focuses on offering "unlimited" pay-in-advance plans (often characterized as "prepaid") without a long term contract. MetroPCS relies on its dealers to market and sell MetroPCS-packaged mobile wireless telephones, data modems, and accessories to users of MetroPCS's service and to provide customer service. Dealers in turn enter into relationships with subdealers, who are legally required to provide the same level of customer service as the Dealers. Dealers and subdealers become the face that

COMPLAINT FOR INJUNCTIVE RELIEF - 3

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

MetroPCS shows to its customers and they are trusted by MetroPCS to provide quality personal service to assist and retain those customers.

10. Defendant 35-46 Broadway executed the Subdealer Agreement at issue on or about August 20, 2015.

11. Paragraph 1 of the Subdealer Agreement provided that "Exclusive Subdealer shall comply with all terms and conditions of the Dealer Agreement, including but not limited to . . . [the] covenant not to compete (Section 16.7)."

12. Paragraph 5 of the Subdealer Agreement further provided that MetroPCS was "a third-party beneficiary of this Exclusive Subdealer's Agreement," and that it "may take any equitable or legal action required to enforce its provisions and terms and conditions of the Dealer Agreement."

13. On or before May 2017, 35-46 Broadway breached the Subdealer Agreement. As a result of 35-46 Broadway's breach, Master Dealer Licensed Products provided Notice of Termination of the Subdealer Agreement for cause by letter dated May 2, 2017; Termination was effective on June 7 (thirty days after 35-46 Broadway's receipt of that letter).

14. 35-46 Broadway agreed that it would not solicit or divert MetroPCS customers during the term of its Subdealer Agreement and for six months following termination. Dealer Agreement, ¶ 2.4; Subdealer Agreement, ¶ 1. Paragraph 2.4 of the Dealer Agreement reads as follows:

> All customers are owned by MetroPCS and not by Dealer. During the term of this Agreement and for a period of six (6) months after termination of this Agreement (whether voluntary or involuntary, with or without cause), Dealer, its principals, owners, partners, members, shareholders, officers, directors, employees, agents ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest and/or any successor entity to Dealer (Affiliated Entity") shall not at any time (i) request any MetroPCS customer to curtail or cancel its business with MetroPCS, or (ii) otherwise solicit, divert or attempt to divert any such MetroPCS customer from patronizing MetroPCS.

COMPLAINT FOR INJUNCTIVE RELIEF - 4

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

15. The Dealer Agreement also contains a six-month non-competition period after termination or expiration of the agreement. Paragraph 16.7 provides as follows:

> Dealer covenants and agrees that during the Term of this Agreement and for a period of at least six (6) months following any termination or expiration of this Agreement, Dealers shall not, and will cause its Affiliated Persons and Affiliated Entities, not to directly or indirectly (including by licensing) engage or participate in, or acquire, manage, operate, control or participate in the management, operation or control of, either alone or jointly, any entity that engages in the sale, resale or distribution of any wireless telephone or wireless internet data service including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance calls and/or unlimited wireless internet service for a flat price, within a two (2) mile radius of Dealer's MetroPCS Storefront Locations. If Dealer breaches this warranty and covenant, then, in addition to any other legal or equitable remedy that MetroPCS may have, the post-termination of this warranty covenant will be extended for one (1) day for each day during which the Dealer's breach was ongoing.

16. The Dealer Agreement also contains a choice of law provision by which the parties agreed that, "This Agreement will be governed by the law of the State of Washington without reference to its conflict of laws rules, and will to the maximum extent practicable, be deemed to call for performance in King County, Washington." *Id.,* ¶ 21.1. This choice of law clause is valid and enforceable as to the claims herein. *See CH2O, Inc. v. Bernier*, 2011 U.S. Dist. LEXIS 42025; 2011 WL 1485604 (W.D. Wash. 2011); *Amazon.com, Inc. v. Powers*, 2012 U.S. Dist. LEXIS 182831 (W.D. Wash. 2012).

17. Notwithstanding their obligations under the Agreements described above, MetroPCS has learned that that 35-46 Broadway has been selling competing wireless telephone and wireless internet data services for Ultra and Simple Mobile, among others, from its former MetroPCS location. Ultra and Simple Mobile are competing pay-in-advance wireless providers. Moreover, by no later than September 7, 2017, MetroPCS learned that the former MetroPCS location store was being converted to a store selling TracFone wireless services. TracFone is a competitor of MetroPCS.

COMPLAINT FOR INJUNCTIVE RELIEF - 5

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

18. On information and belief, Defendants and their agents have converted, and continue to convert former MetroPCS customers to these competing carriers without the customers' knowledge or consent. Although the 35-46 location has been subleased to a new entity, Defendant Saed Nofal continues to participate in selling competing wireless services from that location, and MetroPCS is informed and believed, and on that basis alleges, that the sublessee is an Affiliated Entity as to Defendants, as defined in the Dealer Agreement.

19. Defendants' actions in selling competing wireless telephone and wireless internet data services from Defendants' former MetroPCS store location, and converting MetroPCS customers to a competing service without their knowledge, within six months of termination of its Subdealer Agreement violate that Agreement.

20. MetroPCS has suffered and will continue to suffer substantial and irreparable harm as a result of Defendants' violations of the Subdealer Agreement, for which no adequate remedy at law exists. Among other harm, MetroPCS will suffer a loss of goodwill and continued erosion of its customer relationships unless Defendants are enjoined.

## V.  FIRST CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

21. MetroPCS re-alleges each and every allegation in paragraphs 1 through 17 as though fully set forth herein.

22. In violation of the Subdealer Agreement, Defendants are selling wireless telephone and wireless internet data services of competing wireless carriers at their former MetroPCS store and are soliciting, diverting, and attempting to divert MetroPCS customers to other commercial wireless telephone carriers.

23. MetroPCS has no adequate remedy at law to redress the injuries caused by this breach and it will continue to suffer substantial and irreparable harm — including loss of goodwill and diversion of its customers at the former MetroPCS location operated by 35-46 Broadway — unless Defendants are enjoined from violating the Subdealer Agreement. 35-46 Broadway agreed, by signing the Subdealer Agreement, to Paragraph 21.5 of the Dealer

COMPLAINT FOR INJUNCTIVE RELIEF - 6

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

Agreement, which provides that violation of the non-competition or non-solicitation provisions would result in irreparable harm to MetroPCS.

24. MetroPCS has a strong likelihood of success on the merits in this action. The non-competition and non-diversion provisions are narrowly tailored, reasonable, and enforceable under Washington law, which law the parties chose in the Dealer Agreement. Defendants are in clear violation of their obligations under the Subdealer Agreement, including particularly its non-competition and non-solicitation obligations, in that 35-46 Broadway is selling competing wireless telephone and wireless internet data services, and soliciting MetroPCS customers to change carriers, from its former MetroPCS location.

25. The balance of equities favors an injunction, because the threat of irreparable harm to MetroPCS outweighs any harm Defendants might suffer if injunctive relief is granted. Indeed, Defendants will suffer no harm if they are compelled merely to comply with the Subdealer Agreement.

26. The injunctive relief that MetroPCS is requesting will not adversely affect the public interest, which weighs in favor of the requested injunction. The term of the non-compete clause at issue in this case is short and the clause is limited in geographic scope. Several important public interests would be furthered by issuing an injunction, including the public interest in enforcing freely negotiated business contracts and protecting companies from unfair competition. Moreover, if such provisions are not enforceable, companies in the position of MetroPCS may be forced to adopt different methods of distribution, which would result in greater costs and lowered efficiency, to the detriment of consumers and the public at large.

27. Under Paragraph 16.7 of the Dealer Agreement, the term of the non-compete provision is extended for each day defendants are in breach. Defendants have been selling competing wireless telephone and internet services in violation of this covenant since at least August 4, 2017. As of that date, at least 125 days remained in the six-month term of the non-compete provision.

COMPLAINT FOR INJUNCTIVE RELIEF - 7

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

28. To prevent the irreparable harm demonstrated above, pursuant to Federal Rule of Procedure 65, the Court should issue a permanent injunction to prevent Defendants 35-46 Broadway, Abdallah Nofal, Dawod Nofal and Saed Nofal; 35-46 Broadway's Affiliated Persons and Affiliated Entities; 35-46 Broadway's principals, officers, directors, employees, agents, and any successor entity; and all persons acting in concert with or in active participation with it, from violating the Subdealer Agreement. Defendants should be enjoined from selling competing services at their former MetroPCS location, or at new locations within two miles of its former stores, for the remainder of the six-month term of the relevant provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff MetroPCS prays for judgment as follows:

A. MetroPCS respectfully requests that the Court enter an Injunction against Defendants 35-46 Broadway; Abdallah Nofal, Dawod Nofal and Saed Nofal; 35-46 Broadway's Affiliated Persons and Affiliated Entities; 35-46 Broadway's principals, officers, directors, employees, agents, successor entities; and all persons acting in concert or in active participation with them from, directly or indirectly:

    a. Engaging or participating in, or acquiring, managing, operating, controlling or participating in the management, operation or control of any entity that engages in the business of the sale, resale, or distribution of any wireless telephone or wireless internet data service within a two mile radius of 35-46 Broadway's former MetroPCS's store locations;

    b. Selling, reselling or distributing any wireless telephone or wireless internet data service, within a two mile radius of 35-46 Broadway's former MetroPCS's store locations;

    c. Requesting any MetroPCS customer to curtail or cancel his or her business with MetroPCS; and

    d. Otherwise soliciting, diverting or attempting to divert any such MetroPCS customer from patronizing MetroPCS

COMPLAINT FOR INJUNCTIVE RELIEF - 8

B.  That the injunction be immediately effective and remain in effect until a date that reflects the remainder of the six month term of the relevant provisions, which date is at least 125 days following the effective date of the injunction;

C.  That no bond or other security be required; and

D.  For such other relief as the Court deems just and proper.

DATED this 20th day of October, 2017.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
kipling@kiplinglawgroup.com

s/ Timothy M. Moran
Timothy M. Moran, WSBA #24925
moran@kiplinglawgroup.com

**KIPLING LAW GROUP PLLC**
4464 Fremont Avenue N., Suite 300
Seattle, WA 98103
(206) 545-0345
(206) 545-0350 (fax)

*Counsel for Plaintiff MetroPCS New York, LLC*

COMPLAINT FOR INJUNCTIVE RELIEF - 9

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350